# SUMMONS & COMPLAINT

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

CMSI
DEC 3 1 2012
RECEIVED

Daniel Horrach,

        Plaintiff,

– against –

LTD Financial Services, LP; Capital Management Services, LP; and Citibank, N.A.,

        Defendant(s).

Index No. **033152** 2012

SUMMONS

The basis of the venue designated is:
Defendant Citibank, N.A.'s Principal Place of Business

To the above named defendant(s):

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of New York at the office of the Clerk of the said Court at 111 Centre Street, New York, NY 10013 in the County of New York, State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: December 14, 2012
New York, New York

FILED
DEC 1 8 2012
NEW YORK COUNTY
CIVIL COURT

Law Offices of Robert S. Gitmeid & Assoc., PLLC

By: _____
Stuart Werbin, Esq.
11 Broadway, Suite 1310
New York, NY 10004
Tel (866) 707-4595 ext. 1004
Fax (866) 460-5541
Stuart.Werbin@gitmeidlaw.com
*Attorneys for Plaintiff*

NOTE: The laws or rules of court provide that:

(a) If this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, within the City of New York, you must appear and answer within TWENTY (20) days after such service; or

(b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by means other than personal delivery to you within the City of New York, you are allowed THIRTY (30) days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

Defendants' Addresses:

7322 Southwest Frwy, Ste. 1600
Houston, TX 77074

698 ½ South Ogden St.
Buffalo, NY 14206

399 Park Avenue
New York, NY 10043

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

---

Daniel Horrach,

           Plaintiff,

  – against–

LTD Financial Services, LP; Capital Management Services, LP; and Citibank, N.A.,

           Defendant(s).

Index No.: 033152/12

**VERIFIED COMPLAINT**

---

Plaintiff DANIEL HORRACH, by and through his attorneys, Law Offices of Robert S. Gitmeid & Associates, complaining of the Defendants, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract and for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### PARTIES

2. Plaintiff, Daniel Horrach, is an adult residing in Dunnellon, Florida.

3. Defendant LTD Financial Services, LP is a business entity regularly engaged in the business of collecting debts in this State with its place of business located at

7322 Southwest Frwy, Ste. 1600, Houston, TX 77074. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant Capital Management Services, LP is a business entity regularly engaged in the business of collecting debts in this State with its place of business located at 698 ½ South Ogden St., Buffalo, NY 14206. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant Citibank, N.A. is a business entity with its principal place of business located at 399 Park Avenue, New York, NY 10043.

6. Defendants LTD Financial Services, LP, and Capital Management Services, LP are "debt collectors" as defined by *15 U.S.C. § 1692a(6)* of the FDCPA.

7. Plaintiff is a "consumer" as defined by *15 U.S.C. § 1692a(3)* of the FDCPA.

## FACTUAL ALLEGATIONS

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

9. Defendant LTD Financial Services, LP ("LTD") attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Defendant Citibank, N.A. ("Citibank").

10. Plaintiff allegedly owed a debt of $1256.80 to Citibank.

11. On or about August 30, 2012, Citibank's agent LTD agreed on Citibank's behalf to a full settlement of Plaintiff's alleged debt, for $451.00.

12. Plaintiff attempted to make this payment of $451.00, in accordance with the agreement, but the payment was rejected by LTD and Citibank.

13. LTD and Citibank reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

14. Upon information and belief, LTD and Citibank pulled the settled account and gave it to Defendant Capital Management Services, LP ("CMS") to collect.

15. CMS sent Plaintiff a dunning letter dated November 20, 2012. The letter states the following: "On behalf of our client, Citibank, N.A., Capital Management Services, LP is authorized to accept less than the full balance due as settlement on the above mentioned account. The settlement offer is in the **total amount of** $440.00. The first part in the amount of $440.00 is due on 11/23/12. The second part in the amount of $146.00 is due on 12/30/12. The third part in the amount of $146.00 is due on 1/30/13."

16. As Plaintiff's alleged debt to Citibank was already settled, CMS' and Citibank's letter to Plaintiff demanding payment on the account was fraudulent.

17. Their letter demanding payment on the account was also false, deceptive, and misleading, in violation of the FDCPA.

18. In addition, the letter is also false, deceptive, and misleading on its face, in violation of the FDCPA, as it states that the "total amount" of the settlement is $440.00, and then goes on to state that "[t]he first part in the amount of $440.00 . .

..[t]he second part in the amount of $146.00 ... .[t]he third part in the amount of $146.00 ... .".

19. Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

20. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

21. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## FIRST CAUSE OF ACTION
(Breach of Contract)

22. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 21 herein.

23. Citibank's agent LTD agreed on Citibank's behalf to a full settlement of Plaintiff's alleged debt, for $451.00.

24. Plaintiff attempted to make this payment of $451.00, in accordance with the agreement, but the payment was rejected by LTD and Citibank.

25. LTD and Citibank reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

26. As a result, Plaintiff has suffered actual and monetary damages.

## SECOND CAUSE OF ACTION
(Breach of Implied Covenant of Good Faith and Fair Dealing)

27. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 26 herein.

28. By reason of the foregoing, Defendants breached the implied covenant of good faith and fair dealing implicit in their Settlement Agreement with Plaintiff.

29. As a result, Plaintiff has suffered actual and monetary damages.

## THIRD CAUSE OF ACTION
(Common Law Fraud)

30. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 29 herein.

31. Upon information and belief, LTD and Citibank fraudulently pulled the settled account and gave it to CMS to collect.

32. Citibank and CMS made a fraudulent misrepresentation by instructing Plaintiff to pay for an account which had already been settled in full.

33. Citibank and CMS knew that their misrepresentations to Plaintiff were false.

34. Citibank and CMS intended that Plaintiff rely on their misrepresentations to pay a previously settled, non-existing debt.

35. As a result, Plaintiff has suffered actual and monetary damages

## FOURTH CAUSE OF ACTION
(Fair Debt Collection Practices Act)

36. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 35 herein.

37. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by *15 U.S.C. § 1692a(2)* and *1692a(5)* of the FDCPA.

38. FDCPA 15 U.S.C. § 1692e prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

39. LTD violated this provision of the FDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which it did not intend to adhere to and/or intended to breach.

40. FDCPA 15 U.S.C. § 1692e(2) prohibits misrepresenting the amount owed on a debt. CMS violated this provision by instructing Plaintiff to pay for an account which had already been settled in full.

41. CMS is liable under FDCPA 15 U.S.C. § 1692e(10) for using false representations and deceptive means to attempt to collect a non-existent debt.

42. CMS is also liable under § 1692e for sending Plaintiff a letter which was false, deceptive, and misleading on its face, by stating that the "<u>total</u> amount" of the settlement is $440.00, and then going on to state: "[t]he first part in the amount of $440.00 . . . .[t]he second part in the amount of $146.00 . . . .[t]he third part in the amount of $146.00 . . . .".

43. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000, attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment in the sum of $15,000 be entered against Defendant as follows:

1) That judgment be entered against LTD and Citibank for actual and monetary damages accrued by Plaintiff as a result of their breach of contract and breach of the implied covenant of good faith and fair dealing;

2) That judgment be entered against Citibank and CMS for monetary damages accrued by Plaintiff as a result of their committing common law fraud;

3) That judgment be entered against Defendants for actual damages pursuant to *15 U.S.C. § 1692k(a)(1)*;

4) That judgment be entered against Defendants for statutory damages pursuant to *15 U.S.C. § 1692k(a)(2)(A)*;

5) That the Court award costs and reasonable attorney's fees pursuant to *15 U.S.C. § 1692k(a)(3)*; and

6) That the Court grant such other and further relief as may be just and proper.

Dated: December 14, 2012
New York, New York

                                  Law Offices of Robert S. Gitmeid & Assoc., PLLC

                                  By:_____
                                  Stuart Werbin, Esq.
                                  11 Broadway, Suite 1310
                                  New York, NY 10004
                                  Tel (866) 707-4595 ext. 1004

## VERIFICATION BY ATTORNEY

State of New York    )
                     ) ss.:
County of New York   )

I, STUART WERBIN, an attorney duly admitted to practice law in the State of New York, hereby affirm under penalty of perjury:

I am an attorney associated with the Law Offices of Robert S. Gitmeid & Associates, attorneys for DANIEL HORRACH, the plaintiff in the foregoing matter, with an office located at 11 Broadway, New York, NY 10004. I have read the foregoing Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

The reason why this verification is made by deponent instead of plaintiff is because plaintiff is not within the County of New York which is the county where the deponent has his office.

Dated: New York, New York
December 14, 2012

_____
STUART WERBIN

## AFFIRMATION OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

I, Stuart Werbin, an attorney duly admitted to practice law in the State of New York, hereby affirm the following under penalty of perjury:

I am not a party to the action, I am over 18 years of age and have an office at 11 Broadway, Suite 1310, New York, New York 10004.

On the 20th day of December, 2012, I mailed the within SUMMONS AND VERIFIED COMPLAINT by depositing a true copy thereof enclosed in post-paid wrappers, in an official depository under the exclusive care and custody of the US Postal Service within New York State, addressed to the following Defendants:

LTD Financial Services, LP
7322 Southwest Frwy, Ste. 1600
Houston, TX 77074

Capital Management Services, LP
698 ½ South Ogden St.
Buffalo, NY 14206

Citibank, N.A.
399 Park Avenue
New York, NY 10043

_____
STUART WERBIN